FILED US District Court-UT
MAR 09 '22 PM 12:02

ANDREA T. MARTINEZ, United States Attorney (#9313)
RUTH HACKFORD-PEER, Assistant United States Attorney (#15049)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

**SEALED**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | INDICTMENT |
|---|---|
| Plaintiff, | Count 1: 18 U.S.C. § 1014 (False Statement in Loan and Credit Application) |
| vs. | |
| JOHN ANTHONY TAYLOR, | Count 2: 18 U.S.C. § 1014 (False Statement in Loan and Credit Application) |
| Defendant. | |
| | Count 3: 18 U.S.C. § 1957 (Money Laundering) |

Case: 2:22-cr-00084
Assigned To : Nielson, Howard C., Jr
Assign. Date : 3/9/2022

The Grand Jury alleges:

At all times relevant to this Indictment:

1.  Defendant JOHN ANTHONY TAYLOR ("TAYLOR") was a resident of Summit County, Utah.

2.  Defendant TAYLOR was the founder and owner of Taylor Group, LLC and Positive Marketing, LLC.

3.  Zions Bank is a financial institution, the accounts of which are insured by the Federal Deposit Insurance Corporation ("FDIC").

4.  The United States Small Business Administration ("SBA") is an executive-branch

agency of the United States federal government that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enables and provides for loans through banks, credit unions, and other lenders. These loans have government backed guarantees.

5. In addition to traditional SBA funding programs, The CARES Act, which was signed into law in March 2020, established several new temporary programs and provided for the expansion of others to address the COVID-19 outbreak.

6. One of these new programs is the SBA Paycheck Protection Program ("PPP"), which is a loan program designed to provide a direct incentive for small businesses to keep their workers on the payroll. Under this program, the SBA will forgive all or part of loans if all employees were kept on the payroll for eight weeks and borrowers submit documentation confirming that the loan proceeds were used for payroll, rent, mortgage interest, or utilities.

7. Payroll, as defined by the PPP, excludes compensation of an individual employee in excess of an annual salary of $100,000, prorated as necessary.

8. Interested applicants apply through an existing SBA lender or any other participating federally insured financial institution. Program requirements include that the borrower business was in operation on February 15, 2020, and either had employees for whom the business paid salaries and payroll taxes or paid independent contractors as reported on a Form 1099-MISC.

9. The PPP application process requires applicants to submit a Borrower Application Form through an SBA-approved financial entity. The application contains information as to the

purpose of the loan, average monthly payroll, number of employees and background of the business and its owner.

10.     Another SBA program to address COVID-19 is the Economic Injury Disaster Loan ("EIDL"), which allows small businesses to receive loans directly through the SBA. These loans are low-interest, fixed-rate, long term loans of up to $2 million.   The CARES Act authorized the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing "substantial economic injury" due to the COVID-19 pandemic.

11.     Funds from an EIDL loan must be used to "make regular payments for operating expenses, including payroll, rent/mortgage, utilities, and other ordinary business expenses, and to pay business debt incurred at any time (past, present, or future)." Funds may not be used for additional purposes, such as to expand a business, start a new business, or use the money for a non-business purpose.

12.     EIDL funds are issued directly from the United States Treasury, and an applicant applies through the SBA via an online portal.   In the electronic application, the applicant certifies that all the information in the application is true and correct to the best of the applicant's knowledge and is warned that any false statement or misrepresentation to the SBA or any misapplication of loan proceeds may result in sanctions, including criminal penalties.   The application also states that the SBA relies upon the self-certifications in the EIDL application in determining whether the applicant is eligible for an EIDL.

13.     Both the PPP loan application and the EIDL loan application require the applicant to certify to the truthfulness of all information in the application.

## Count 1
## 18 U.S.C. § 1014
### (False Statement in Loan and Credit Application)

14. The factual allegations above are incorporated by reference and realleged as though fully set forth herein.

15. On or about March 30, 2020, in the District of Utah and elsewhere,

**JOHN ANTHONY TAYLOR,**

defendant herein, knowingly made and caused to be made a false statement listed below for the purpose of influencing the actions of the SBA, an enumerated entity under 18 U.S.C. § 1014, in connection with an EIDL loan application for approximately $36,500, in that defendant TAYLOR falsely stated and caused to be falsely stated that the Applicant had never been "convicted, plead guilty, plead nolo contendere, been placed on pretrial diversion, or been placed on any form of parole or probation (including probation before judgment)"; when in fact, defendant TAYLOR had twice previously entered pleas in abeyance for prior criminal conduct. All in violation of 18 U.S.C. § 1014.

## Count 2
## 18 U.S.C. § 1014
### (False Statement in Loan and Credit Application)

16. The factual allegations above are incorporated by referenced and realleged as though fully set forth herein.

17. On or about May 14, 2020, in the District of Utah and elsewhere,

**JOHN ANTHONY TAYLOR,**

defendant herein, knowingly made and caused to be made false statements listed below for the purpose of influencing the action of Zions Bank, a bank the deposits of which were then insured by the FDIC, in connection with a PPP loan application for approximately $15,600, in that defendant TAYLOR falsely stated and caused to be falsely stated that the Applicant (defined on SBA Form 2483 as all members owning at least 20% or more of the LLC) was not "subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction"; and was not presently "on probation or parole", and had not "within the last 5 years. . . been placed on any form of parole or probation (including probation before judgment)"; when in fact, defendant TAYLOR had been charged by a federal criminal complaint on April 29, 2020 and was placed on pretrial probation on May 5, 2020.

All in violation of 18 U.S.C. § 1014.

**Count 3**
**18 U.S.C. § 1957**
**(Money Laundering)**

18. The factual allegations above are incorporated by reference and realleged as though fully set forth herein.

19. On or about June 8, 2020, in the District of Utah, and elsewhere

**JOHN ANTHONY TAYLOR**

defendant herein, did knowingly engage in a monetary transaction by through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that was derived from the specified unlawful activity that constitutes a violation of 18 U.S.C. § 1014, in that defendant TAYLOR caused $23,000 in fraudulently obtained loan proceeds held in the Taylor Group Zions Bank account ending in 6905 to be transferred to his Positive Marketing bank account ending in 6183. Defendant TAYLOR then used at least a portion of these funds to purchase a 2014 GMC Sierra for $22,007.76.

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(2), upon conviction of any offense violating 18 U.S.C. § 1014, the defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the scheme to defraud. The property to be forfeited includes, but is not limited to:

- 2014 GMC Sierra;

- A money judgment equal to the value of all property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p); and

- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. § 1957, the defendants shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property. The property to be forfeited includes, but is not limited to:

- 2014 GMC Sierra;

- A money judgment equal to the value of all property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p); and

- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

A TRUE BILL:

/S/
FOREPERSON OF THE GRAND JURY

ANDREA T. MARTINEZ
United States Attorney

RUTH HACKFORD-PEER
JACOB J. STRAIN
Assistant United States Attorneys