ANDREA T. MARTINEZ, United States Attorney (#9313)
RUTH HACKFORD-PEER, Assistant United States Attorney (#15049)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801)524-5682

---

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ANTHONY TAYLOR,<br><br>Defendant. | **UNITED STATES' POSITION REGARDING DETENTION**<br><br>Case No. 2:22-CR-00084<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Jared Bennett |

The United States moves for detention based on the fact that defendant Taylor is an unmanageable danger to the community and committed new felony offenses while on pretrial release.

### I.  LEGAL STANDARD

Because Mr. Taylor committed new federal crimes while on pretrial release, detention in this case is governed by both 18 U.S.C. § 3142 and 18 U.S.C. § 3148.  "The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is probable cause to believe that the person has committed a Federal, State, or local crime while on release."  18 U.S. Code § 3148(1)(A).  Establishing probable cause in this case is a light lift because a federal grand jury already determined by probable cause that the defendant committed

these federal felonies on the approximate dates listed on the indictment (i.e. while on pretrial release).  Moreover, this case involves a serious risk the defendant will flee.  18 U.S.C. § 3142(f)(2)(A).  Accordingly, no combination of conditions exist that will assure Taylor will not pose a danger to the community.  He has proven himself, in multiple ways, to be unmanageable.

## II.  BASES FOR POSITION ON DETENTION

### A. Criminal History

Mr. Taylor has three misdemeanor convictions: (1) Theft of Services; (2) Simple Assault; and (3) Driving Under the Influence.  Taylor was also charged, and entered a plea an abeyance to Reckless Endangerment, Aggravated Assault, and Felony Domestic Violence in the Third Degree.  These felonies arose in 2011 when Taylor drove his vehicle at a high rate of speed toward his wife and his daughter who were driving in the opposite direction.  Taylor's wife reported that she had to swerve off the road to avoid Taylor running into them.

On April 29, 2020, Mr. Taylor was charged by complaint with one count of Wire Fraud. Judge Warner sealed the complaint and issued a summons for Taylor to appear via Zoom. (Under normal circumstances, an arrest warrant would have been issued and executed; however, this was at the very beginning of the COVID-19 pandemic).  On May 1, 2020, Taylor had an initial appearance via Zoom and was placed on pretrial release restrictions including that the defendant:

- "not commit any offense in violation of federal, state or local or tribal law while on release in this case"; and

- "not incur new credit charges or open additional lines of credit without prior permission from the pretrial officer."

After a poor attempt at cooperation with the government's undercover investigation, Mr. Taylor was indicted on September 9, 2020, with one count of Wire Fraud based on his

attempt to defraud an individual (actually an undercover FBI agent) that he believed was seeking to purchase a large amount of personal protective equipment (specifically 3M respirators). Taylor appeared via Zoom on September 15, 2020, pursuant to a summons, and the case was finally unsealed. The magistrate judge ordered Taylor to remain on release on previously set conditions of release.

Although he has appeared pursuant to summons in federal criminal proceedings, Taylor has failed to appear on five traffic offenses between 2006 and 2017. Taylor's long criminal history demonstrates repeated contempt for the law and an inability to follow it.

**B. New Federal Charges and Pretrial Release Violations**

On March 9, 2022, a new federal grand jury indicted Mr. Taylor on two counts of False Statement in a Loan and Credit Application (18 U.S.C. § 1014) and one count of Money Laundering (18 U.S.C. § 1957).

*(1) Count 1: EIDL Loan Fraud & Count 3: Money Laundering*

The first § 1014 count relates to a fraudulent $36,500 Economic Injury Disaster Loan (EIDL) Mr. Taylor applied for on March 30, 2020. In that loan application, Taylor represented to the SBA that he had never been "convicted, plead guilty, plead nolo contendere, been placed on pretrial diversion, or been placed on any form of parole or probation (including probation before judgment)"; when in fact, he had at least twice previously entered pleas in abeyance for prior criminal conduct.

To be clear, Mr. Taylor applied for this loan <u>before</u> he was placed on pretrial release; however, he obtained the money from the fraudulent loan on May 19, 2020, <u>after</u> he was placed on pretrial release. *See* Exhibit 01: EIDL Funding Notes. In order to obtain this money, on May 19, 2020 Taylor reaffirmed through electronic signature that "[t]here has been no substantial

adverse change in Borrower's financial condition since the date of the application of this Loan. (Adverse changes include, but are not limited to: judgment liens, tax liens, mechanic liens, bankruptcy, financial reverses, arrest or conviction of felony, etc.)". *See* Exhibit 02: EIDL Executed Loan Agreement at page 5.  This of course was a material misrepresentation to the SBA because he had been charged by felony complaint with Wire Fraud.

This was also a violation of his pretrial release condition not to incur new credit charges without permission because he did not notify Pretrial that he had previously applied for the EIDL loan, that he accepted the money for it when it funded after being charged, and just 18 days after he was place on release conditions.

In any event Mr. Taylor committed the Money Laundering violation (a criminal act in its own right) on June 8, 2020, one month after being placed on pretrial release, when he purchased a 2014 GMC Sierra.  This car has now been seized pursuant to warrant.  Taylor co-mingled money from his fraudulently obtained EIDL loans and PPP loans to purchase the truck.  The truck purchase violates the purposes of both the EIDL[1] and PPP[2] loan programs.

   *(2) Count 2: PPP Loan Fraud*

Mr. Taylor fraudulently applied for a $15,600 PPP loan on May 14, 2020, *after* he was charged by complaint and released on conditions.  In that loan application, Taylor falsely stated that he was not "subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction"; and was not presently "on probation or parole", and had not "within the last 5 years. . . been placed on any form of parole

---

[1] Funds from an EIDL loan must be used to make regular payments for operating expenses, including payroll, rent/mortgage, utilities, and other ordinary business expenses, and to pay business debt incurred at any time (past, present, or future). Funds may not be used for additional purposes, such as to expand a business, start a new business, or use the money for a non-business purpose.
[2] PPP loan proceeds must be used for payroll, rent, mortgage interest, or utilities.

or probation (including probation before judgment)"; when in fact, he had been charged by a federal criminal complaint on April 29, 2020 and was placed on pretrial probation on May 5, 2020.

Besides committing a new crime while on pretrial release, this was also a pretrial release violation not to incur new credit charges without permission because, although he sought approval from pretrial to apply for the loan, he only obtained such approval *after he had already applied for it*. He did not have "prior permission" as required. The electronic signature timeline shows he completed and submitted his loan application on May 14, 2020 at 5:59:08 PM M.S.T. *See* Exhibit 03: PPP Loan Application at page 11; *see also figure below*. He did not receive permission from pretrial to even apply for the loan from pretrial until 7:35 PM that same evening.

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 5/14/2020 5:54:41 PM |
| Certified Delivered | Security Checked | 5/14/2020 5:55:53 PM |
| Signing Complete | Security Checked | 5/14/2020 5:59:08 PM |
| Completed | Security Checked | 5/14/2020 5:59:08 PM |

### C. Other Pretrial Release Violations

Mr. Taylor appears to have incurred new lines of credit on or about November 19, 2021, without prior permission from the pretrial officer. *See Allegation No. 4*, Pretrial's Petition to Revoke Defendant's Pretrial Release.

### III.  CONCLUSION

Mr. Taylor is not just a difficult personality, he is deceptive, he has no respect for the Court or its orders, and he seeks to defraud at every opportunity.  Because there is probable cause that he committed these new federal felony violations while on pretrial release, the Court must enter an order of revocation and detention.  18 U.S. Code § 3148(1)(A).

Respectfully Submitted,

_____
RUTH HACKFORD-PEER
JACOB J. STRAIN
Assistant United States Attorney